IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 05-cv-02483-LTB-OES

JAMES M. AND LINDA J. GRUBKA, individually and on behalf of the
JAMES M. AND LINDA J. GRUBKA LIVING TRUST,

Plaintiffs,

v.

WEBACCESS INTERNATIONAL, INC., BLAIR WHITAKER, J. ROGER MOODY, L. SHAWN BRESKOW, JAMES W. STUCKERT, ARCHIBALD J. MCGILL, WILEY E. PRENTICE, JR., STEVEN A. SPESARD, STEVEN A. LYGA, CAROL L. LEVEQUE, DANIEL W. BOYD, JAMES ROGERS, AND J.J.B. HILLIARD, W.L. LYONS, INC.,

Defendants.

_____

ORDER
_____

The plaintiffs, James and Linda Grubka, asserted various claims, predicated upon allegations of securities fraud and malfeasance, against the defendants. Upon motion of defendants WebAccess International, Inc. ("WebAccess"), Blair Whitaker, J. Roger Moody, L. Shawn Breskow, James W. Stuckert, Archibald J. McGill, Wiley E. Prentice, Jr., Steven A. Spesard, Steven A. Lyga, and Carol L. (Leveque) Carnie, I dismissed all claims premised upon an October, 2000 Series A stock offering by WebAccess and several claims premised upon a August, 2002 Series E stock offering.

Moving for relief under Fed. R. Civ. P. 59(e), the Grubkas ask me to amend the order to reinstate their claims under the Colorado Organized Crime Control Act, Colo. Rev. Stat. § 18-17-101 *et seq.* ("COCCA"), for the defendants' alleged conspiracy to violate securities laws. They argue that the limitations periods for their COCCA claims were tolled during pendency of

*Stephens et al v. WebAccess International, Inc. et al*, Civil Action No. 03-F-1521 ("Stephens Action"), a putative class action suit against WebAccess and others based upon the same conduct of which the Grubkas here complain. They concede that the plaintiffs in the Stephens Action did not state claims for violations of Colo. Rev. Stat. §§ 18-17-104(3) & (4), as they do here. They assert, however, that the Stephens Action included claims under "substantively identical" provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) & (d). They argue that those claims gave the defendants fair notice of the substance of COCCA claims.

The defendants respond that RICO expressly excepts securities fraud from its civil enforcement provision. 18 U.S.C. § 1964(c). That is manifestly true, and irrelevant. Application of the *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 553, 94 S. Ct. 756, 38 L. Ed. 2d 713 (1974) tolling doctrine turns on the question whether the defendants received fair notice of potential claims against them. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354-355, 103 S. Ct. 2392, 76 L. Ed. 2d 628 (1983) (Powell, J., concurring); *Sinclair Oil Corp. v. Atlantic Richfield Co.*, 720 F. Supp. 894, 913-914 (D. Utah 1989). Though the complaint in the Stephens Action cited to an inapplicable provision of law, the factual allegations themselves were sufficient to put the defendants on notice of claims for violations of Colo. Rev. Stat. §§ 18-17-104(3) & (4). *Tosti v. City of Los Angeles*, 754 F.2d 1485, 1489 (9th Cir. 1985).

The Grubkas could have done better; they should have made this argument in their brief opposing the defendants' dismissal motion. However, they properly point out that the defendants raised this issue cursorily in a brief that covered a myriad of complex issues. Rule 59(e) is an appropriate mechanism for the correction of manifest errors of fact and law.

Accordingly it is ORDERED that:

1) the Grubkas' motion to amend is GRANTED; and

2) their COCCA claims are reinstated only to the extent premised upon the August, 2002 Series E stock offering.

Dated: August   31  , 2006, in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock  
                                              Lewis T. Babcock, Chief Judge